UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-0005S |
| | ) | |
| BOBBY SOUNDARA | ) | |

---

# MEMORANDUM IN SUPPORT OF SENTENCING

## I. Introduction

Mr. Soundara respectfully submits this memorandum to assist the Court in determining a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of sentencing. 18 U.S.C. § 3553(a) (2005). Mr. Soundara requests the Court to consider imposing a sentence of 84 months of incarceration. The proposed sentence adequately addresses society's needs of punishment and deterrence without being longer than necessary.

## II. Procedural Background

Government agents arrested Mr. Soundara on November 14, 2005, based on a complaint charging his involvement with a pipe bomb explosion in September, 2005. The government obtained the two count indictment herein on January 22, 2006. Mr. Soundara pled guilty to the charges on June 2, 2006. This Court sentenced Mr. Soundara to 120 months of incarceration based on the statutory mandatory minimum sentence and an upward departure. The case was later remanded for resentencing after Mr. Soundara was denied his right to appeal. Resentencing is scheduled for May 3, 2007.

## III. Sentencing Considerations

### A. General

The Court is bound in its sentencing considerations by 18 U.S.C. § 3553(a). The United States Sentencing Guidelines are not the law and the Court is <u>not</u> bound by its suggested sentences. *United States v. Booker*, 543 U.S. 220, 259 (2005). The statute, § 3553(a), requires the Court to

consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentence available, the need to avoid unwarranted sentencing disparity, the need to provide restitution, and the suggested guideline range. 18 U.S.C. § 3553(a)(1), (a)(3)-(7). The primary sentencing mandate of § 3553(a) directs the sentencing court to impose the minimally-sufficient sentence to achieve the statutory purposes of punishment—justice, deterrence, incapacitation, and rehabilitation: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." 18 U.S.C. § 3553(a) (emphasis added).[1] This so-called "parsimony provision" is not simply a factor to be considered in determining sentence; it represents a cap above which the Court is statutorily prohibited from sentencing, even when a greater sentence is recommended by the sentencing guidelines. *Cf., United States v. Denardi*, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part).[2] If the Court feels a sentence below the guidelines supports the purposes of sentencing then the Court must impose that particular sentence.

The statutory language notwithstanding, the First Circuit has proclaimed that the advisory guideline range is not just a mere factor in the list above. *United States v. Jimenez-Beltre*, 440 F.3d 514, 518 (1st Cir. 2006); *see also United States v. Thurston*, 456 F.3d 211, 215 (1st Cir. 2006), *United States v. Smith*, 445 F.3d 1, 4(1st Cir. 2006). The Circuit Court believes the guidelines should carry more weight than the other considerations because they "represent the only integration of the

---

[1] The statute provides, in pertinent part, that:

"the court consider the need for the sentence imposed-

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"

18 U.S.C. § 3553(a)(2) (2005).

[2] The precise meaning of the provision, however, is difficult to discern. *See United States v. Navedo-Concepcion*, 450 F.3d 54, 58-59 (1st Cir. 2006) (pointing out that most of the purposes of sentencing weigh negatively toward a defendant and that "there is no mathematical algorithm for the perfect sentence.").

multiple sentencing factors set forth in § 3553(a), often reflect past practice, and bear the imprimatur of the Sentencing Commission." *Thurston*, 456 F.3d at 215 (quoting *Smith* 445 F.3d at 4). Beyond the declaration of heightened importance, the guidelines are not presumptively or per se reasonable, and still reflect generalizations in sentencing. *Jimenez-Beltre*, 440 F.3d at 518. The Court made that distinction seemingly to avoid the appearance of reestablishing a mandatory sentencing scheme. *Id.* (as struck down in *Booker*). Unfortunately, the heightened influence of the guidelines, as well as the sliding scale of justification for sentences outside of the guidelines[3], continues to embrace and support a de facto mandatory sentencing scheme.[4]

This Court must guard against any de facto mandatory sentencing scheme. *Booker*, 543 U.S. at 258-61 (mandatory sentencing schemes unconstitutional). While the guidelines incorporate a number of sentencing factors, they do not include any analysis, evaluation, or consideration of an individual's unique characteristics; they are generalizations. *See Jimenez-Beltre*, 440 F.3d at 518. An individual's background, character, and upbringing cannot be easily quantified in a guideline system, nevertheless, the Court must consider that unique individual information. 18 U.S.C. § 3553(a). In short, the guidelines represent cookie cutter justice at its worst; one size does not fit all. The Court must eschew general application of the advisory guidelines and consider all of the unique characteristics of the defendant when determining this sentence. The sentencing judge is in the best position to evaluate individual defendants under § 3553(a) and determine the appropriate sentence.[5]

B. Nature of the Offense

---

[3] The First Circuit now requires greater justification for sentences outside of the advisory guideline range depending on how much the sentence varies from the guideline. *Thurston*, 456 F.3d at 215 (citing *Smith*, 445 F.3d at 4).

[4] In fact, the First Circuit has yet to reverse a guideline sentence as unreasonable while reversing all below guideline sentences appealed by the government. *See* NYCDL Appendix to Amicus Brief in *Rita v. United States* and *Claiborne v. United States* (excerpt attached; available at www.nycdl.org (reasonableness review database).

[5]Comparing other § 3553(a) factors to advisory guidelines actually resembles the comparison of apples to oranges because only the guidelines directly coincide with a time period; the sentencing court must then look to the other factors to determine if that suggested period of incarceration is appropriate under all of the circumstances in the case. *Jimenez-Beltre*, 440 F.3d at 525 (Lipez, J., dissenting) (emphasis added).

The offense conduct here and the resulting injuries must plainly dominate the Court's considerations at sentencing. During the initial sentencing the court granted a six point upward offense level departure based on the injuries suffered by Mrs. Tep. Mr. Soundara would object to that departure being applied again at resentencing.

The guideline calculation in the PSR relies on two sections, both of which contemplate and consider resulting injuries. The arson guideline sets the offense level at 24, but then invites a cross reference to § 2A if bodily injury did in fact occur. § 2K1.4(c). The firearm guideline establishes an offense level of 26 and similarly cross references to § 2A. See § 2K2.1(c)(1)(B) (death resulting). The appropriate guideline section for cross reference would be § 2A2.2, aggravated assault.[6] Under that section, an offense level of 26 would apply to Mr. Soundara.[7] The cross reference does not establish a higher offense level and therefore does not effect the guideline calculation.

The Court, at the government's urging however, lifted the graduated injury enhancements from § 2A2.2(b)(3) and applied them to the offense level established under § 2K2.1 to calculate a six point upward departure under § 5K2.2. In fact, § 2K1.4 gives conflicting guidance on injuries providing for the cross reference and also suggesting the upward departure in application note 3. It does not provide for both enhancements. In negotiating this conflict it does not appear to make sense that the departure should result in a greater sentence than the cross reference. Ultimately, however, the Court must take note that the calculated guideline range does consider personal injury.[8]

The guideline and the statutory mandatory minimum sentence both factor in personal injury into the recommended sentences. No argument can be made that Mrs. Tep's injuries are not serious. Likewise, however, the argument that neither the statute nor the calculated guidelines weigh her injuries enough must also fail. The injuries here are tragic, but they clearly fall within the heartland

---

[6] Aggravated assault includes assault with a dangerous weapon intending to cause bodily injury (not merely to frighten), assault resulting in bodily injury, and assault with the intent to commit another felony. U.S.S.G. § 2A2.2, App. Nt. 1.

[7] Base OL 14, plus 5 for discharge of a "firearm," plus 5 for the injuries equals 26. The injury here could qualify for a 7 point enhancement, but the guideline limits the combined method an injury enhancement to 10 points. U.S.S.G. § 2A2.2(b)(3).

[8] PSR ¶¶ 15-17, 23.

of injuries considered in the guideline calculation.

## IV. The Minimally-Sufficient Sentence

The parsimony provision of 18 U.S.C. § 3553(a) imposes a statutory cap on sentences, regardless of what is recommended under the sentencing guidelines. The sentence cannot be greater than necessary to achieve the purposes of punishment. 18 U.S.C. § 3553(a)(1). Those purposes including deterrence, punishment, respect for the law and rehabilitation. Mr. Soundara requests the Court impose a sentence of 84 months incarceration. The proposed sentence well achieves the goals of deterrence, incapacitation, and respect for the law, and also provides ample time for Mr. Soundara to take full advantage of the rehabilitative services at the BOP. The proposed sentence is also significantly higher than the advisory guideline range.

In determining the minimally-sufficient sentence, the Court must basically ask whether a more severe sentence would achieve greater justice, deterrence, incapacitation, or rehabilitation. In this instance, the advisory guidelines actually call for a sentence below the mandatory minimum statutory sentence. The guideline calculation, as per the PSR, includes consideration for the damage and injuries caused by Mr. Soundara's actions. Additionally, the statute trumps the guidelines by establishing the particular mandatory sentence in contemplation of the infliction of personal injury. The government has requested that the Court depart above the guidelines and the statutory sentence based on the seriousness of the injuries. That seriousness, however, is already accounted for in the suggested sentence and therefore within the heartland of bodily injury cases. The Court must resist departing upward on this basis. The statutory mandatory minimum sentence satisfies the requirements of § 3553(a).

## V. Conclusion

For all of these reasons, Mr. Soundara asks the Court to impose a sentence of 84 months in prison.

Respectfully submitted
Bobby Soundara
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Kristin Mattias, United States Probation Officer, and Peter Neronha, Assistant United States Attorney, on April 26, 2007.

/s/ Kevin J. Fitzgerald